UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER


| GARY LYNN MORGAN | ) | |
| --- | --- | --- |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | 4:09-cv-81 |
| | ) | *Mattice* |
| | ) | |
| LINCOLN COUNTY, TENNESSEE, | ) | |
| OFFICER MATTHEW HOLLOWAY, | ) | |
| OFFICER TULL MALONE, and | ) | |
| OFFICER JERRY WAYNE CARTER | ) | |
| | ) | |
| *Defendants*. | ) | |

## **MEMORANDUM**

This is a civil rights action pursuant to 42 U.S.C. § 1983; plaintiff is represented by counsel. The matter is before the court on the motion to dismiss filed by defendants Lincoln County, Tennessee, Tull Malone, and Jerry Wayne Carter [Court File No. 8]; the motion to dismiss filed by defendant Matthew Holloway [Court File No. 10]; and plaintiff's motion for extension of time to respond to the first motion to dismiss [Court File No. 14]. Plaintiff having filed his responses to the dispositive motions, his motion for extension of time will be **GRANTED NUNC PRO TUNC** as of October 16, 2009. For the following reasons, the defendants' motions to dismiss will be **GRANTED** and this action will be **DISMISSED**.

I.       Standard of Review

A motion to dismiss tests whether a claim has been adequately stated in the complaint. In considering a motion to dismiss, all well-pleaded allegations in the complaint must be regarded as true and all factual allegations must be construed in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236-37 (1974); *Collins v. Nagle*, 892 F.2d 489, 493 (6th Cir. 1989). Dismissal "is proper when it is established beyond a doubt that the plaintiff cannot prove any set of facts consistent with the allegations that would entitle such plaintiff to relief." *Collins*, 892 F.2d at 493. *See also Haines v. Kerner*, 404 U.S. 519 (1972); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

II.      Factual Background

Plaintiff is in the custody of the Tennessee Department of Correction. The defendants are Matthew Holloway, a deputy sheriff with the Sheriff's Department of Madison County, Alabama; Tull Malone, a deputy sheriff with the Sheriff's Department of Lincoln County, Tennessee; Jerry Wayne Carter, also a deputy sheriff with the Sheriff's Department of Lincoln County, Tennessee; and Lincoln County, Tennessee.

Plaintiff alleges that he was involved in a vehicle pursuit that began in Madison County, Alabama, and ended in Lincoln County, Tennessee. He was eventually apprehended by the defendant officers behind plaintiff's residence. According to plaintiff, as a result of

2

the pursuit and the altercation that ensued during plaintiff's arrest, he was ultimately convicted by a jury of four counts of assault, four counts of reckless endangerment, and resisting arrest; he pleaded guilty to evading arrest by motor vehicle and evading arrest on foot. Plaintiff received a total effective sentence of ten years.

Plaintiff alleges that the defendant officers offered perjured testimony during his trial which prevented him from receiving a fair trial, resulted in his being convicted of counts of which he was not guilty, and resulted in a markedly enhanced and unjust sentence. Plaintiff seeks compensatory and punitive damages from the defendant officers.

The defendant officers contend, inter alia, that they are entitled to dismissal of the claims against them based upon absolute immunity. Defendant Lincoln County, Tennessee, moves for dismissal based upon plaintiff's failure to allege or show that the alleged violation of plaintiff's constitutional rights were the result of policy or custom on the part of Lincoln County, Tennessee.

III.   Discussion

The law is well settled that the use of perjured testimony fails to state a claim under § 1983 because all witnesses, including police officers and other governmental witnesses, are absolutely immune from liability based upon their testimony in judicial proceedings. *Briscoe v. Lahue*, 460 U.S. 325, 342-43 (1983). In response to the motions to dismiss, plaintiff acknowledges that *Briscoe* and its progeny does hold law enforcement officers

3

immune from civil liability for perjured testimony in criminal judicial proceedings. Plaintiff, nevertheless, through counsel offers what he calls "a good faith challenge to this precedent" and argues that "such absolute testimonial immunity gives license to local prosecutors, who may be less than honorable and care nothing of seeking the truth, to suborn perjury from less than honest officers in order to obtain convictions that are otherwise unjust, unmerited and simply wrong." [Court File No. 15, Response to Motion to Dismiss filed by Defendants Lincoln County, Tennessee, Tull Malone, and Jerry Wayne Carter, p. 2; Court File No. 16, Response to Motion to Dismiss filed by Defendant Matthew Holloway, p. 2].

Based upon the foregoing, plaintiff contends that the defendant officers should not be granted absolute immunity. Despite what plaintiff believes, however, this court is bound by the holdings of the U.S. Supreme Court. The defendant officers are entitled to absolute immunity from plaintiff's claims of perjury. Accordingly, their motions to dismiss are well-taken and should be granted. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) ( "The entitlement is an immunity from suit rather than a mere defense to liability."). With respect to the allegations against Lincoln County, Tennessee, plaintiff concedes that he has failed to state a claim of municipal liability against the county and therefore the motion to dismiss filed by Lincoln County, Tennessee, should be granted.

IV.     Conclusion

The defendants' motions to dismiss will be **GRANTED** and this action will be **DISMISSED**.

**AN APPROPRIATE ORDER WILL ENTER.**

                                                    */s/Harry S. Mattice, Jr.*
                                                    HARRY S. MATTICE, JR.
                                                    UNITED STATES DISTRICT JUDGE